## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **NICK APPLEGARTH,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-1309** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge Elizabeth Preston** |
| | : | **Deavers** |
| **POWER HOME SOLAR, LLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter is before this Court on Plaintiff's Motion to Stay Briefing on Pending Motions

to Dismiss (ECF No. 11). Plaintiff requests that his responses to the three motions to dismiss his

original complaint[1] be delayed pending this Court's resolution of Plaintiff's motion to remand

(ECF No. 10) given that the motions may be rendered moot by that adjudication. (ECF No. 11 at

1–2). The same day Plaintiff filed this motion, Plaintiff also filed an amended complaint. (ECF

No. 9). Shortly thereafter, the parties agreed to a briefing schedule for: (1) any motions Defendants

file in response to Plaintiff's amended complaint; and (2) responses and replies to Plaintiff's

motions to stay and remand. (*See* ECF No. 14). Defendant Waller subsequently opposed both of

Plaintiff's motions, (ECF Nos. 17 and 18), and Defendant Trivest moved to join these oppositions,

(ECF No. 20). In this opposition, Defendant Waller argues that Plaintiff's request for a stay of the

---

[1] "(1) Defendant Digital Credit Union's Motion to Dismiss filed on March 19, 2024 (E.F.C. No. 3); (2) Defendant Waller's Motion to Dismiss filed on March 22, 2024 (E.F.C. No. 5); and (3) Defendant Trivest's Motion to Dismiss filed on March 28, 2024 (E.F.C. No. 6)." (ECF No. 11 at 1–2).

1

motion to dismiss briefing was "rendered moot by Plaintiff's subsequent agreement to a briefing schedule on [those] motions" and that, had Plaintiff believed he would be prejudiced by responding to the motions to dismiss prior to a ruling on the motion to remand, "he would not have agreed to a briefing schedule on such motions." (ECF No. 18 at 1). This Court **GRANTS** Defendant Trivest's motion for joinder in Defendant Waller's oppositions to Plaintiff's motions to remand and stay briefing (ECF No. 20).

As a procedural matter, the filing of an amended complaint renders moot any prior motions to dismiss the now-superseded complaint. *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). So, this Court reframes Plaintiff's motion as applying to the briefing in response to the motions to dismiss the amended complaint (ECF Nos. 24, 25, 27, 34), not the motions to dismiss the original complaint (ECF Nos. 3, 5, 6).

As this Court has instructed before, "[t]he motion to remand must be resolved before the motion to dismiss, because if remand is appropriate, then the state court should decide the motion to dismiss." *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 675 n.2 (S.D. Ohio 2014). This Court understands Defendants' argument that Plaintiff appears to have agreed to a briefing schedule somewhat at odds with his motion to stay. But this Court is not convinced that either party would suffer prejudice from reconsideration of this previously agreed-upon schedule. Plaintiff is correct that some or all of those motions, as they stand in front of this Court, would be moot upon a finding that this Court lacks jurisdiction over any of the claims between Plaintiff and any of the Defendants. As such, the more efficient approach is to hold off on any further briefing until this Court resolves the question posed by the motion to remand.

2

Defendants cite two cases in support of their argument that Plaintiff would not be prejudiced in responding to motions to dismiss that would potentially be heard by the state court instead of the federal court on remand.  (ECF No. 18 (citing *Medtronic, Inc.*, 996 F. Supp. 2d at 675, *and Sainaam, Inc. v. Am. Nat. Prop. & Cas. Co.*, No. No. 08-1149, 2008 WL 4346679, at *7 n. 2 (W.D. Tenn. Sept. 16, 2008))).  But neither case is particularly helpful in resolving the instant motion in the way Defendants would like, as: (1) neither deals with a motion to stay; and (2) both considered the motion to remand after both parties briefed the motion to dismiss.  In *Sainaam*, for example, the court granted the plaintiff's remand request and "refrain[ed] from deciding the Defendant's motion to dismiss," a motion that, according to the docket, Plaintiff had properly opposed in conjunction with its motion to remand.  2008 WL 4346679, at *1; *Sainaam*, No. 08-1149 (W.D. Tenn. 2008), ECF Nos. 4, 5.  So, both a motion to remand and motion to dismiss were fully briefed and in front of that court at the same time.  That case therefore sheds no light on whether Defendants would be prejudiced by a stay of the motion to dismiss briefing pending resolution of the jurisdictional question vis-à-vis the motion to remand.  Similarly, *Medtronic* merely provides that *if* remand is appropriate, then the state court, not the federal court, should resolve a ripe motion to dismiss.  996 F. Supp. 2d at 675 n.2.  Such a proposition does not, however, dictate whether it would have been equally appropriate to address the jurisdictional inquiry before either party exerted more effort in the litigation in front of an improper court.

For good cause shown, then, the Plaintiff's motion to stay briefing on motions to dismiss pending this Court's decision on Plaintiff's motion to remand (ECF No. 11) is hereby **GRANTED**. The motions for which briefing is stayed pending said resolution are ECF Nos. 24, 25, 27, and 34.

A briefing schedule, if appropriate, will be set by this Court's order resolving the motion to remand.

       **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  June 6, 2024**